UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TERRY CURTIS                                                                                            PLAINTIFF

VERSUS                                CIVIL ACTION NO. 3:16CV861-TSL-RHW

UMMC and
NURSE JANE DOE
                                                                                                      DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the Court for consideration pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff Terry Curtis filed a complaint relating to his medical treatment at UMMC Hospital. Doc. [1]. He also filed a request to proceed *in forma pauperis* which the Court granted. Doc. [2] & [4]. Plaintiff filed his complaint on November 2, 2016, alleging that on or about October 16/17 he was admitted to UMMC Hospital after first presenting to the emergency room. Doc. [1] at 2. Plaintiff further alleges that Defendant Nurse Jane Doe brought Plaintiff his medication; however, when Plaintiff advised her that she had not brought all of his medicine, she refused to go and get the rest of it. *Id.* Plaintiff alleges that he is on a "cocktail" regimen and that if he does not take all of the pills, the medicine will not work properly. *Id.* at 2-3. According to Plaintiff, instead of retrieving the missing pill, Nurse Jane Doe lied and reported that he refused to take his medication. *Id.* at 3. He asserts that Nurse Jane Doe's action constitutes denial of medical attention. *Id.* at 3-4. Plaintiff further claims that UMMC is liable based on its overall training and supervision of nurses. *Id.* at 4. Plaintiff is proceeding *pro se* but he has filed a motion for appointment of counsel. Doc. [3].

**Law and Analysis**

Under 28 U.S.C. § 1915(a), the Court may allow a plaintiff to proceed without the prepayment of fees. However, the court must "dismiss [an IFP] case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). *See Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). Under the statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F.App'x 435 (5th Cir. 2013)(per curiam)(internal quotation marks omitted). To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The undersigned concludes that Plaintiff has failed to establish subject-matter jurisdiction. "The requirement that jurisdiction be established as a threshold matter . . . is

'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 382 (1884)). Federal courts are courts of limited jurisdiction and must dismiss an action, *sua sponte*, if jurisdiction is lacking. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

It does not appear that the Plaintiff and Defendants are citizens of different states, which is required for diversity jurisdiction. 28 U.S.C. § 1332. "When jurisdiction is based on diversity, . . . the citizenship of the parties must be 'distinctly and affirmatively alleged.' 'Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.'" *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259-60 (5th Cir. 2008)(quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). In his complaint, Plaintiff does not allege diversity jurisdiction. Nor does he identify the citizenship of the parties involved. Plaintiff's address of record indicates that he is a resident of Mississippi. In his application to proceed *in forma pauperis*, Plaintiff states that his legal residence is in Jackson, Mississippi. Doc. [2] at 5. The Court takes judicial notice that UMMC Hospital is located in Mississippi. Presumably, Nurse Jane Doe who works at UMMC Hospital in Jackson, Mississippi is also a citizen of Mississippi. The undersigned finds no indication in the pleadings to establish jurisdiction through diversity of parties.

The undersigned also finds an absence of federal question jurisdiction. 28 U.S.C. § 1331. Although Plaintiff alleges that Nurse Jane Doe was negligent or perhaps committed an intentional tort when she failed to give him his full complement of medication, this allegation would merely constitute a state law cause of action. To the extent that Plaintiff seeks redress pursuant to 42 U.S.C. § 1983, this provision is available only for alleged injuries under the

Constitution and/or laws of the United States.  In the instant case, Plaintiff has stated nothing more than a garden-variety tort claim pursuant to state law.  *See Paul v. Davis*, 424 U.S. 693, 699-701 (1976) (rejecting the notion that § 1983 made actionable many state-law tort claims).  "Section 1983 does not federalize tort law."  *De Jesus Benavides v. Santos*, 883 F.2d 385, 387 (5th Cir. 1989).  Rather, for a complaint to state a constitutional claim under § 1983, the Plaintiff must at least make allegations sufficient to permit him to prove the abuse of a special authority or obligation of government.  *Rankin v. Wichita Falls, Texas*, 762 F.2d 444, 448 (5th Cir. 1985).

      Deliberate indifference to medical care may state a cause of action in situations where the state has taken affirmative steps to restrain a person's liberty, as in the case of pretrial detainees, persons in police custody, or prisoners.  *See Kinzie v. Dallas County Hosp. Dist.*, 239 F.Supp.2d 618, 635 (N.D.Tex. 2003).  In the instant case, Plaintiff was not a pretrial detainee, person in police custody, person institutionalized against his will or otherwise restrained, or prisoner; and no such allegation has been made.  Accordingly, the constitutional provisions that would apply to an individual whose liberty is involuntarily restrained do not apply to Plaintiff.  *See Johnson v. Thompson*, 971 F.2d 1487, 1495-96 (10th Cir. 1992); *Langston v. Milton S. Hershey Medical Center*, No. 1:15-cv-2027, 2016 WL 1404190, at *6 (M.D.Pa. Apr. 11, 2016).  Rather, Plaintiff was a free citizen who voluntarily sought medical care at UMMC.

      Liberally construed Plaintiff may be attempting to assert a claim under the Emergency Medical Treatment and Active Labor Act (EMTALA).  Congress enacted EMTALA to prevent patient dumping, which is the practice of refusing to treat patients who are unable to pay.  *Marshall v. East Carroll Parish Hosp.*, 134 F.3d 319, 322 (5th Cir. 1998).  The act requires participating hospitals to give the following care to an individual who is presented for emergency medical care: (1) an appropriate medical screening; (2) stabilization of a known emergency

medical condition; and (3) restrictions on transfer of an unstabilized individual to another medical facility. See 42 U.S.C. §§ 1395dd(a)-(c). Any EMTALA violation by a physician is considered by extension also a violation by the hospital. *See Burditt v. U.S. Dep't of Health & Human Services*, 934 F.2d 1362, 1374 (5th Cir. 1991). EMTALA is not designed to operate as a federal medical malpractice statute. *See Marshall*, 134 F.3d at 322.

An appropriate medical screening is determined by whether it was performed equitably in comparison to other patients with similar symptoms and not by its proficiency in accurately diagnosing the patient's illness. *Marshall*, 134 F.3d at 322. Nor is a hospital's liability based on whether the physician misdiagnosed the medical condition or failed to adhere to the appropriate standard of care. *See id.* Rather, the plaintiff must show that the hospital treated him differently from other patients with similar symptoms. *Id*. at 324. Evidence that a hospital did not follow its own screening procedures can support a finding of EMTALA liability for disparate treatment. *Battle v. Memorial Hospital at Gulfport*, 228 F.3d 544, 558 (5th Cir. 2000). Plaintiff makes no allegations in his complaint that would bring his lawsuit under the provisions of EMTALA. Rather, he simply complains that on one occasion, when he presented to the emergency room at UMMC for treatment, he did not receive one pill out of a regimen of pills. The undersigned recommends that Plaintiff's complaint be dismissed because he has failed to allege claims that would confer federal subject-matter jurisdiction. Given the absence of subject-matter jurisdiction, the undersigned recommends that Plaintiff's motion for appointment of counsel be denied.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the Court DISMISS Plaintiff's complaint for failing to demonstrate subject matter jurisdiction and for failing to state a federal

constitutional claim.  The undersigned further recommends that Plaintiff's [3] motion to appoint counsel be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 10th day of April, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE